RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/20/07

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH BERBERICH | CIVIL ACTION NO. 6:04CV1996, L-O |
| VERSUS | JUDGE W. EUGENE DAVIS |
| PATTERSON SERVICES, INC. | MAGISTRATE JUDGE C. MICHAEL HILL |

## MEMORANDUM RULING

Before the Court is the plaintiff's Motion for New Trial. The defendant opposes the motion. This Court denied the plaintiff's request for oral argument and, therefore, issues its ruling on the merits of the motion and supporting briefs without benefit of oral argument. For the reasons that follow, the plaintiff's Motion for New Trial is DENIED as to liability and GRANTED as to damages.

## I. BACKGROUND

Plaintiff Joseph Berberich ("Berberich") brought this action against Defendant Patterson Services, Inc. ("Patterson") seeking damages for personal injuries arising out of an accident that occurred on May 3, 2004. At the time of the accident, Berberich's company, Dutil Fence Co., Inc. ("Dutil"), was modifying a fence on Patterson's property and, in the course of modifying the fence, a fence post had to be extracted from the ground. Joseph Angelle ("Angelle"), an employee of Patterson, used his forklift to assist in removing the post and, in the process of doing so, a chain on the post broke, causing the forklift to accelerate and strike Berberich.

As a result of the accident, Berberich suffered a severe laceration to his shoulder, a cervical strain, and an acute herniated disc. Berberich alleged that Angelle was negligent in operating the

forklift, and that his negligence caused the accident. Patterson denied all liability for the accident, maintaining that Berberich and/or his employees were the sole cause(s) of the accident.

A jury trial was held, after which the jury returned a verdict finding Angelle thirty percent (30%) at fault and Berberich seventy percent (70%) at fault. The jury awarded Berberich $57,406.78 for medical expenses and $20,000 in general damages for pain and suffering and disability and loss of bodily functions. This Court entered judgment on the jury's verdict on May 4, 2007.

Berberich filed this motion for new trial on May 14, 2007, urging this Court to grant a new trial as to both liability and general damages.

## II. LAW AND ANALYSIS

### A. Plaintiff's Motion for New Trial on Liability

Under Federal Rule of Civil Procedure 59(a), a motion for new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The decision to grant or deny a motion for new trial is within the trial court's sound discretion and is not subject to review on appeal except for an abuse of that discretion.[1] Although Rule 59(a) does not specify the grounds upon which a court may grant a new trial, the Fifth Circuit has identified the following as grounds for granting a new trial: the verdict is against the great weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed during the course of the trial.[2] If the verdict is contrary to the great weight of the evidence, a new trial is necessary to prevent a miscarriage of justice.[3]

---

[1] See, e.g., Young v. City of New Orleans, 751 F.2d 794, 798 (5th Cir. 1985).

[2] See Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985).

[3] U.S. for Use and Benefit of Weyerhaeuser Co. v. Bucon Const. Co., 430 F.2d 420, 423 (5th Cir. 1970).

Berberich seeks a new trial on the ground that the verdict is against the clear weight of the evidence. According to Berberich, the evidence showed that Angelle, a trained and certified forklift operator, was solely responsible for increasing the power being generated by the forklift to the point where the chain broke, causing the accident. Based on this evidence, Berberich asserts that it is "inconceivable" that a jury could find that Berberich was responsible for over twice the amount of fault as Angelle.

Contrary to Berberich's argument, the Court finds that the evidence sufficiently supports the jury's verdict. Although Angelle was operating the forklift, there was evidence at trial that because Dutil, a professional fence company, did not have an extra fence post available on the job site, Berberich made the decision to pull the post out of the ground, instead of cutting the post, which was the more common method. There was also evidence that Berberich previously used a forklift to remove a post in which the chain broke, but resulted in no injuries. Importantly, no other workers were injured in the instant accident besides Berberich and there was testimony that Berberich was standing too close to the forklift, thus causing the accident. Based on the evidence presented, the Court cannot find the jury's verdict is against the clear weight of the evidence, and thus, Berberich's motion for new trial on the issue of liability is denied.

### B. Plaintiff's Motion for New Trial on Damages

A motion for new trial on the issue of damages once liability has been definitively established is proper.[4] A district court, however, should attempt to avoid substituting its judgment for the jury's considered verdict, so as not to violate the parties' Seventh Amendment rights.[5] If the jury's verdict

---

[4] See, e.g., New Orleans & Northeastern R.R. Co. v. Hewett Oil Co., 341 F.2d 406 (5th Cir. 1965).

[5] See Carino v. Walmart La., LLC, No. 05-CV-1978, 2007 WL 803323, *1 (W.D. La. Mar. 14, 2007).

is "clearly within the universe of possible awards which are supported by the evidence," then a district court may not properly grant a new trial based merely on the inadequacy of the damage award.[6] The Fifth Circuit has stated that it will not interfere with the factfinder's award of damages unless it is "so inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial."[7]

Berberich claims that the jury's award of $20,000 in general damages, including $10,000 for past and future pain and suffering, and $0 for past and future loss of enjoyment of life, only a fraction of what was suggested by Patterson, "shocks the conscience" and is outside the scope of reasonableness under applicable law.

In the instant case, the evidence presented to the jury at trial indicated that Berberich suffered injuries to his shoulder, neck, and, most seriously, his back as a result of the accident. Immediately after the accident, Berberich was transported by ambulance to the hospital where he received emergency medical treatment for a laceration to his right shoulder. The laceration was 13 centimeters long, went all the way down to the biceps muscle, and required more than one hundred stitches. Berberich was also diagnosed with a grade two shoulder separation, with no evidence of instability. Berberich fully recovered from his shoulder injury.

The evidence also showed that Berberich suffered a soft tissue cervical injury, which caused persistent pain and restricted movement in his neck. When Berberich saw Dr. Angela Mayeux-Herbert in June 2004, her records reflect that there was a paraspinous spasm on the right at the C6

---

[6] Brun-Jacobo v. Pan Am. World Airways, Inc., 847 F.2d 242, 246 (5th Cir. 1988) (quoting Bonura v. Sea Land Serv., Inc., 505 F.2d 664, 670 (5th Cir. 1974)).

[7] Munn v. Algee, 924 F.2d 569, 578 (5th Cir. 1991).

level. In August 2004, Berberich exhibited large trapezial trigger points on both shoulders, and decreased flexion of his neck. According to Dr. Mayeux-Hebert, when she examined Berberich in December 2004 and March 2005, the muscle spasms and trigger points persisted. Dr. Mayeux-Hebert subsequently referred Berberich to Dr. deAraujo, whose medical records indicate that Berberich had problems with his neck through the end of 2005. Although an MRI showed some abnormalities, including disc space narrowing and spurring, no significant treatment was recommended thereafter. However, Berberich testified at trial that he continued to have periodic episodes of pain and stiffness in his neck.

The most serious injury was to Berberich's back, which involved spasms, limitations in bending and rotating, and atrophy. It was discovered that Berberich had a large L4/L5 herniated disc, which was acute. As a result, Dr. Mayeux-Hebert ordered a TENS unit, and recommended continued physical therapy. By March 2005, Berberich had not yet regained his full strength and, as a final attempt at conservative treatment, Dr. Mayeux-Hebert prescribed steroid injections. When this failed to relieve Berberich's pain, Dr. Mayeux-Hebert referred Berberich to Dr. deAraujo for surgery. After unsuccessfully attempting conservative treatment, Dr. deAraujo performed surgery on Berberich's back in May 2006. Dr. deAraujo released Berberich to light duty in June 2006, and released Berberich from his care in October 2006.

Testimony at trial also indicated that, prior to the accident, Berberich was very active, participating in activities such as roller hockey. As a result of his injuries, Dr. deAraujo explained that Berberich should refrain from activities which resulted in jarring of his spine, such as boat riding, skiing, and running, and that Berberich should avoid repetitive lifting of anything over 50 pounds. Berberich's wife testified that Berberich's lifestyle had changed as a result of his injuries,

and that he is unable to do many of the things he did before. However, there was also evidence that Berberich was able to play golf and work in his business after the accident, and that he was able to do many of the activities that he did prior to the accident.

Considering the nature of Berberich's injuries, which consisted of over two years of medical treatment, and the fact that Berberich underwent surgery as a result of his injuries, and after considering awards for injuries in other cases,[8] we conclude that the jury's verdict of only $20,000 in general damages was not "clearly within the universe of possible awards which are supported by the evidence," and "shocks the conscience." Accordingly, we grant Berberich's motion for new trial on the issue of damages.

## CONCLUSION

For the foregoing reasons, Berberich's Motion for New Trial shall be denied as to liability and granted as to damages.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 20th day of July, 2007.

_____
W. EUGENE DAVIS
UNITED STATES DISTRICT JUDGE BY DESIGNATION

---

[8] See Augillard v. Gaspard, 820 So. 2d 1177 (La. Ct. App. 5th Cir. 2002) (general damage award of $68,500 for injuries sustained by plaintiff, which included a torn ligament and two herniated discs in back and only called for conservative, non-surgical treatment, was too low. Trial judge should have awarded at least $85,000 in general damages.); Webb v. Horton, 812 So. 2d 91 (La. Ct. App. 5th Cir. 2002) (general damage award of $2,700 for pain and suffering resulting from injuries sustained by plaintiff, which included a herniated cervical disc and was not surgical at the time of trial, was too low. The lowest reasonable award for a non-surgical herniated disc is $50,000.).